UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MARC T. ERNST<br><br>    Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC.<br>    Serve: CT Corporation<br>           120 S. Central Ave.<br>           Clayton, MO 63105<br><br>    Defendant. | Case No.17-2514<br><br>**JURY TRIAL REQUESTED** |

## FIRST AMENDED COMPLAINT

COMES NOW Plaintiff Marc T. Ernst, by through his attorneys, and for his Complaint against Wal-Mart Stores, Inc. ("Wal-Mart") states as follows:

### The Parties

1. Plaintiff Marc T. Ernst ("Ernst") is a resident of Jefferson County, Missouri, and was an employee with Wal-Mart.

2. Wal-Mart is a Delaware corporation authorized to do business in the State of Missouri and St. Louis County, Missouri.

3. Wal-Mart operates a store at 653 Gravois Bluffs Blvd. in Fenton, Missouri located within St. Louis County, Missouri. Wal-Mart operates a store in O'Fallon, Missouri located within St. Charles County, Missouri.

### Jurisdiction and Venue

4. Jurisdiction of this Court is based on 28 U.S.C, § 1331, in that this action arises under the Americans with Disabilities Act ("ADA"), 42 U.S.C.§§ 12111-12117 and the Family Medical Leave Act ("FMLA") 29 U.S.C. § 2615.

5. Venue is proper in this judicial district for the unlawful discriminatory practices that gave rise to this instant action occurred in this judicial district. Ernst is a citizen residing in this judicial district and Wal-Mart does business and can be found in this judicial district.

### Facts Relevant To All Claims

6. Ernst is an African-American.

7. Ernst has a disability as defined by the ADA and the MHRA.

8. Ernst was employed by Wal-Mart in September 2009.

9. Ernst worked for Wal-Mart from September 2009 through the date he was discharged without incident.

10. Ernst informed Wal-Mart of his disability prior to October 2016.

11. In October 2016 Ernst was granted FMLA leave by Wal-Mart to accommodate his disability.

12. On or about December 28, 2017, Ernst informed Wal-Mart of an upcoming medical procedure in February 2017 related to his disability and requested FMLA leave for the medical procedure.

13. On January 4, 2017 Ernst was discharged by Wal-Mart on the grounds that three months previously he worked six minutes over his work shift while accommodating a customer.

14. On July 12, 2017 Ernst filed a charge with the Equal Employment Opportunity Commission ("EEOC") (**Exhibit A**).

15. On August 23, 2017 EEOC issued a Right to Sue Letter to Ernst (**Exhibit B**).

### COUNT I FMLA-RETALIATION

16. Ernst incorporates and re-alleges paragraphs 1 through 15 in this Count I of his Complaint.

17. Ernst qualified for FMLA.

18. Ernst requested FMLA leave on December 28, 2016 to take effect in February 2017.

19. Ernst was terminated on January 4, 2017 purportedly for working six minutes over on his shift three months prior.

20. Prior to his discharge Ernst was never notified by Wal-Mart in any way regarding his working six minutes over his shift time three months prior.

21. The given reason Ernst was terminated by Wal-Mart was pretextual.

22. Ernst was terminated in retaliation for requesting FMLA leave.

WHEREFORE, Ernst prays that the Court, after trial by jury, enter judgment in his favor and against Defendant Wal-Mart, awarding him: (1) for his lost wages, benefits of employment, and prejudgment interest thereupon; (2) front pay; (3) punitive damages; (4) attorney's fees and costs of litigation; and (5) such other and further relief, including enjoining defendants from engaging in further discrimination, as the Court deems just and proper.

## COUNT II-ADA RETALIATION

23. Ernst incorporates and re-alleges paragraphs 1 through 15 in this Count II of his Complaint.

24. Ernst is disabled as defined by the ADA.

25. Ernst informed Wal-Mart of his disability.

26. In October 2016 Wal-Mart accommodated Ernst for his disability.

27. On December 28, 2016 Ernst informed Wal-Mart that he would require leave for a medical procedure related to his disability.

28. Ernst was terminated on January 4, 2017 purportedly for working six minutes over his scheduled shift three months prior.

29. Prior to his discharge Ernst was never notified by Wal-Mart in any way regarding his working six minutes over his shift time three months prior.

30. The reason for Ernst's termination given by Wal-Mart was pretextual.

31. Ernst was terminated because of his disability.

WHEREFORE, Ernst prays that the Court, after trial by jury, enter judgment in his favor and against Defendant Wal-Mart, awarding him: (1) for his lost wages, benefits of employment, and prejudgment interest thereupon; (2) front pay; (3) punitive damages; (4) attorney's fees and costs of litigation; and (5) such other and further relief, including enjoining defendants from engaging in further discrimination, as the Court deems just and proper.

Respectfully submitted,

KAPLAN ASSOCIATES, LLC
By: */s/ Lawrence P. Kaplan*
Lawrence p. Kaplan, #19782
Catherine R. Grantham #57113
101 South Hanley, Suite 1310
St. Louis, Missouri 63105
Telephone (314) 863-2929
Facsimile (314) 863-9777
lkaplan@ka-law.com
cgrantham@ka-law.com
*Attorneys for Marc T. Ernst*