| | | |
|---|---|---|
| MARC T. ERNST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No: 4:17-CV-02514-HEA |
| | ) | |
| WAL-MART STORES INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## WALMART'S MEMORANDUM IN SUPPORT OF ITS
## MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Walmart, by and through its counsel, hereby submits this Memorandum in Support of Its Motion to Dismiss Plaintiffs' First Amended Complaint (the "Complaint").

## INTRODUCTION

Plaintiff Marc T. Ernst filed the instant lawsuit against Walmart. The First Amended Complaint alleges retaliation in violation of the FMLA ("Count I") and retaliation in violation of the ADA ("Count II"). ECF No. 2. It is subject to dismissal, under Federal Rule of Civil Procedure 12(b)(6), because it falls woefully short of pleading facts sufficient to make out a plausible claim on either Count. Instead, it is inundated with nothing more than legal conclusions and fails to provide Walmart with fair notice of the claims asserted against it.

Walmart hired Plaintiff in September 2009, and he was terminated in January 2017. Id. at ¶¶ 8, 13. Plaintiff filed a Charge of Discrimination with the EEOC alleging disability discrimination and retaliation under the ADA. (ECF No. 1-1, Pl.'s Charge of Discrimination). Id. at ¶ 13. The Charge may be considered in deciding this Motion to Dismiss.[1]

_____

[1]The First Amended Complaint describes the EEOC proceedings, see ECF No. 2 at ¶ 13-14, and this Court may take judicial notice of EEOC documents in deciding this Motion. See

Plaintiff ultimately received a Notice of Right to Sue, ECF No. 2 at ¶ 14, and this lawsuit followed. The First Amended Complaint should be dismissed for failure to state a claim. It does not plead, with any level of plausibility, a prima facie case of retaliation under the FMLA or the ADA. The First Amended Complaint fails to so much as identify the nature of Plaintiff's purported disability. Both Counts fail for Plaintiff's failure to properly plead a prima facie case. Count I likewise fails because Plaintiff makes no allegation that he lodged a complaint about anything to anyone before his termination. Count II is not actionable because the Complaint admits that Walmart had a legitimate, non-retaliatory reason for Plaintiff's termination, and an ADA retaliation claim required that the Plaintiff plead (and eventually prove) that retaliation was the "but-for" cause of his termination. Compensatory and punitive damages also are not available for alleged retaliation under the ADA, and so those damages allegation should be dismissed. The Complaint fails to state any claims upon which relief could be granted, and, therefore, it should be dismissed.

## BACKGROUND

Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination and retaliation under the ADA in connection with his termination on July 17, 2017. ECF No. 2 at ¶ 13; see also ECF No. 1-1. The Charge alleged that Walmart employed Plaintiff from September 2009 to January 2017.

---

Becton v. St. Louis Reg'l Pub. Media, Inc., No. 4:16-CV-1419 CAS, 2017 WL 769900, at *5 (E.D. Mo. Feb. 28, 2017) (holding that "[a]lthough plaintiff's EEOC charge was not attached to the complaint, the Court may take judicial notice of it as a public record and therefore properly consider it on a motion to dismiss without converting the motion to one for summary judgment.") (citing Faibisch v. University of Minnesota, 304 F.3d 797, 802–03 (8th Cir. 2002)); see also Smith v. UPS Freight, No. 4:15-CV-382 JAR, 2015 WL 4274594, at *1 (E.D. Mo. July 14, 2015) (taking judicial notice of EEOC documents other than the charge of discrimination as public records); Cotton v. St. Louis Public Schools, No. 4:12CV1735 JAR, 2013 WL 308876, at *4 (E.D. Mo. Jan. 25, 2013) (same).

(ECF No. 1-1.)  It claimed that Walmart was made aware of Plaintiff's "disability" in July 2016. (Id.).  It did not state the nature of Plaintiff's purported disability or identify the individual at Walmart who was allegedly informed of the unidentified condition.  It went on to assert that Walmart granted Plaintiff medical leave in October 2016.  (Id.).  The Charge claimed that Plaintiff informed "management" about a medical procedure scheduled for early 2017 on December 28, 2016.  (Id.).  It did not identify the member of management Plaintiff allegedly informed of this impending procedure.  Plaintiff admitted that, because he worked for six minutes over his legally allowed shift time, he was discharged in January 2017.  (Id.).  And the Charge finally alleged that Plaintiff was "discriminated against because of [his] disability and retaliated against for requesting reasonable accommodation, in violation of the Americans with Disabilities Act."  (Id.).  The EEOC issued a Notice of Right to Sue to Plaintiff, before completing its investigation, on August 23, 2017.  ECF No. 2 at ¶ 14 see also Ex. B, Notice of Right to Sue.

Plaintiff filed his original Complaint on October 3, 2017.  ECF No. 1.  Plaintiff filed the First Amended Complaint on October 5, 2017.  ECF No. 2.  The two-count First Amended Complaint alleged:  (1) retaliation in violation of the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601 et seq.; and (2) retaliation in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, et seq.  ECF No. 2.

According to the First Amended Complaint, Walmart employed Plaintiff from September 2009 to January 2017.  Id. at ¶ 8, 13.  Unlike the Charge, which claimed that Walmart was made aware of Plaintiff's "disability" in July 2016, ECF No. 1-1, the First Amended Complaint alleged that Plaintiff informed Walmart of his "disability" "prior to October 2016[,]" ECF No. 2, ¶ 10. Much like the Charge, the First Amended Complaint did not state the nature of Plaintiff's

purported disability or identify the individual at Walmart who was allegedly informed of the unidentified condition. Plaintiff then alleged that Walmart granted him medical leave in October 2016. Id. at ¶ 11. The First Amended Complaint claimed that Plaintiff informed "Wal-Mart" about a medical procedure scheduled for early 2017 on December 28, 2016. Id. at ¶ 11. Identical to the Charge, the First Amended Complaint failed to identify the individual at Walmart that Plaintiff allegedly informed of this impending procedure. Plaintiff went on to newly allege that Plaintiff "requested FMLA leave for the medical procedure." Id. at ¶ 12. This particular allegation does not appear in the Charge. Plaintiff admitted, just as in the Charge, that, because he worked for six minutes over his legally allowed shift time, he was discharged in January 2017. Id. at ¶ 13. The First Amended Complaint alleges that the reason for Plaintiff's termination was a pretext for retaliation under the ADA and FMLA. Id. at ¶¶ 21-22, 30-31. Count II, for retaliation under the ADA, seeks lost wages, benefits of employment, prejudgment interests, front pay, punitive damages, attorneys' fees, and costs as relief from this Court. Id. at p. 4.

Walmart now moves this Court to dismiss these allegations for failure to state a claim.

## LEGAL STANDARD

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6). The purpose of such a motion is to test the legal sufficiency of the complaint. In order to survive a motion to dismiss, Plaintiff must plead more than legal conclusions and bare allegations that the "defendant unlawfully harmed me." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Fed. R. Civ. P. 8 prohibits Plaintiff from relying on speculation and conclusory accusations alone. Iqbal, 556 U.S. at 678–79. Instead, Plaintiffs must provide "a short and plain statement of the claim showing the pleader is entitled to relief," and this showing must include

sufficient factual allegations to provide both context and plausible support for the legal

conclusions.  Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555–56, 570.

"Factual allegations must be enough to raise a right to relief above the speculative level[,]" and if

a complaint fails to allege sufficient facts, it should be dismissed.  Twombly, 550 U.S. at 555.

## DISCUSSION

### I. Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted Under the FMLA.

Plaintiff failed to allege facts sufficient to support the theory of retaliation under Eighth

Circuit case law failing to meet the plausibility standards of Twombly and Iqbal.  As such, Count

I should be dismissed for failure to state a claim.

The United States Court of Appeals for the Eighth Circuit recognizes three types of

FMLA claims.  Whitney v. Franklin Gen. Hosp., 995 F. Supp. 2d 917, 931–32 (N.D. Iowa 2014)

(citing Pulczinski v. Trinity Structural Towers, Inc., 691 F.3d 996 (8th Cir. 2012)).  An

"entitlement" claim "occurs where an employer refuses to authorize leave under the FMLA" and

"aris[es] under § 2615(a)(1)."  Pulczinski, 691 F.3d at 1006–07.  A "retaliation" claim occurs

where "an employee opposes any practice made unlawful under the FMLA—for example, if an

employee complains about an employer's refusal to comply with the statutory mandate to permit

FMLA leave—then the employer may not for that reason take adverse action against the

employee who is engaged in the opposition" and "aris[es] under § 2615(a)(2)."  Id.  And, a

"discrimination" claim "arises when an employer takes adverse action against an employee

because the employee exercises rights to which he is entitled under the FMLA" and it deemed

actionable "under § 2615(a)(1)."  Id.

Count I of the First Amended Complaint is captioned as "FMLA-RETALIATION[.]"

ECF No. 2, p. 2.  The First Amended Complaint, though, makes no allegation that Plaintiff

lodged a complaint about anything to anyone before his termination. More specifically, Plaintiff never opposed a practice made unlawful under the FMLA. As such, he failed to state a claim for "retaliation" under the FMLA. See Whitney v. Franklin Gen. Hosp., 995 F. Supp. 2d 917, 933 (N.D. Iowa 2014) (held that "[t]he problem is that she has not pointed to any allegation in her Amended Complaint that she suffered adverse action for opposing or complaining about any practice made unlawful under the FMLA" when it granted a 12(b)(6) motion to dismiss for failure to state a claim of FMLA retaliation).

Even if Plaintiff attempted to plead a "discrimination" claim, which this Court is not required to infer, Plaintiff failed to plead facts sufficient to make such a claim plausible. FMLA discrimination claims under the McDonnell Douglas burden-shifting framework. Pulczinski, 691 F.3d at 1007 (internal citations omitted). As such, if Plaintiff establishes a prima facie case of discrimination, the burden shifts to Walmart to proffer a legitimate, non-discriminatory reason for the adverse employment action. McDonnell Douglas v. Green, 411 U.S. 792, 802–03(1973). If Walmart articulates a legitimate, nondiscriminatory reason, the presumption of discrimination disappears and Plaintiff must then demonstrate that the reason is a pretext for intentional discrimination. Id. Pretext is shown by establishing that a discriminatory reason more likely motivated the employer or the employer's proffered explanation is unworthy of credence. Texas Dept. of Cmty. Affairs v. Burdine, 450 U.S. 248, 256 (1981).

To properly plead a prima facie case of FMLA discrimination, the First Amended Complaint must plead plausible facts that assert: (1) that Plaintiff engaged in activity protected under the Act, (2) that he suffered a materially adverse employment action, and (3) that a causal connection existed between the employee's action and the adverse employment action. Pulczinski, 691 F.3d at 1007 (internal citations omitted). Although Plaintiff plead that he

suffered an adverse employment action, he has not properly plead that he engaged in protected activity under the FMLA or facts that alleged a causal connection between taking FMLA leave and his termination.

The First Amended Complaint alleges three facts **total** regarding Plaintiff's FMLA claim: (1) Plaintiff informed "Wal-Mart" about a medical procedure scheduled for early 2017 on December 28, 2016, ECF No. 2 at ¶ 11; Plaintiff "requested FMLA leave for the medical procedure," id. at ¶ 12; and (3) because he worked for six minutes over his legally allowed shift time, he was discharged in January 2017, id. at ¶ 13. The First Amended Complaint did not state the nature of Plaintiff's purported disability, identify the individual at Walmart who was allegedly informed of the unidentified condition, the type of surgery Plaintiff supposedly needed, or identify the member of management Plaintiff allegedly informed of this impending procedure. In failing to plead said facts, the First Amended Complaint is devoid of any allegation that any decision maker had knowledge of the supposed leave request. Walmart is not provided with sufficient notice of Plaintiff's claims against it.

The First Amended Complaint fails to plausibly allege that Plaintiff engaged in protected activity or that there was any relationship between any supposed protected activity and his termination. It appears that Plaintiff's FMLA claim is entirely premised on the timeframe between his allegation that he requested leave, which is not properly plead, and his termination. As a general rule, more than a temporal connection between the protected conduct and the adverse employment action is required to show a causal connection between a protected activity and an adverse action. Smith v. Allen Health Sys., Inc., 302 F.3d 827, 832 (8th Cir. 2002) ("We have discounted ... the possibility that mere temporal proximity between protected act and adverse employment action can establish the necessary causal connection."); see also Kiel v.

<u>Select Artificials, Inc.</u>, 169 F.3d 1131, 1136 (8th Cir. 1999) (en banc) (same).

Despite failing to plead a prima facie case, Plaintiff also admitted that Walmart proffered a legitimate, non-discriminatory (and non-retaliatory) reason for his termination and plead no facts at all to support the allegation that the proffered rationale was pretextual. Again, the First Amended Complaint concedes that he worked for six minutes over his legally allowed shift time, he was discharged in January 2017. ECF No. 2 at ¶ 13. Plaintiff does not dispute having violated Walmart's policies. Then, Plaintiff went on to assert the legal conclusion that Plaintiff's termination was a pretext for retaliation under the FMLA. <u>Id.</u> at ¶¶ 21-22. Legal conclusions set forth as uncontroverted facts should be disregarded in this Court's analysis for failure to provide plausible support for said conclusions. <u>Iqbal</u>, 556 U.S. at 678; <u>Twombly</u>, 550 U.S. at 555–56, 570.

Absent reliance on legal conclusions asserted as facts, Plaintiff has not pled a single fact to support his FMLA claims.

## II. Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted Under the ADA.

### A. The First Amended Complaint fails to plead sufficient facts to make it plausible that retaliation was the "but-for" cause of Plaintiff's termination.

ADA retaliation claims are analyzed under the same McDonnell Douglas burden shifting analysis set for above. To properly plead a prima facie case of retaliation under the ADA, Plaintiff must plead: "(1) that he or she engaged in statutorily protected activity; (2) an adverse employment action was taken against him or her; (3) a causal connection exists between the two events." <u>Krone v. City of Pine Lawn</u>, No. 4:16CV1801 RLW, 2017 WL 1424320, at *2 (E.D. Mo. Apr. 20, 2017). "A retaliation claim under the ADA requires a but-for causal connection between the employee's assertion of [his or] her ADA rights and an adverse action by the employer." <u>Oehmke v. Medtronic, Inc.</u>, 844 F.3d 748, 757 (8th Cir. 2016) (citing <u>Univ. of Texas</u>

<u>Sw. Med. Ctr. v. Nassar</u>, 570 U.S. 338 (2013)).

For the same reasons Plaintiff failed to properly plead a prima facie case under the FMLA, his ADA claim must necessarily fail.

      B.    <u>Compensatory and punitive damages are not available under the FMLA, and so those damages allegation should be dismissed.</u>

Compensatory and punitive damages are not available for retaliation claims under the ADA. Brown v. City of Lee's Summit, No. 98-CV-0438, 1999 WL 827768, *2–4 W.D. Mo. June 1, 1999) (granted motion to dismiss certain damages allegations when it held that "having carefully considered the statutory language of the ADA and interpretive case law, the Court concludes that compensatory and punitive damages are not available under the statute for employment retaliation claims brought under 42 U.S.C. §12203.); <u>see</u> <u>also</u> <u>Kramer v. Banc of America Securities, LLC</u>, 355 F.3d 961, 965 (7th Cir. 2004) (holding that "[a] close reading of the plain language of § 1981a(a)(2) makes it clear that the statute does not contemplate compensatory and punitive damages for a retaliation claim under the ADA.); <u>see</u> <u>also</u> <u>Alvarado v. Cajun Operating Co.</u>, 588 F.3d 1261, 1265 (9th Cir. 2009) (same).

Count II, for retaliation under the ADA, seeks lost wages, benefits of employment, prejudgment interests, front pay, punitive damages, attorneys' fees, and costs as relief from this Court. <u>Id.</u> at p. 4. Because the claims for the compensatory and punitive portion of those damages is not available under the statutory scheme, said damages allegations should be dismissed.

Accordingly, Plaintiff's failure to properly plead this requires dismissal of Count II.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint in its entirety.

Dated: January 26, 2018

Respectfully submitted,

DOWD BENNETT LLP

By: */s/ Sheena R. Hamilton*

Sheena R. Hamilton      #62921MO
Meghan Ball      #66938MO
7733 Forsyth Blvd., Suite 1900
St. Louis, Missouri 63105
(314) 889-7300 (telephone)
(314) 863-2111 (facsimile)
shamilton@dowdbennett.com
mball@dowdbennett.com

Attorneys for Walmart

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on January 26, 2018, the foregoing was filed electronically with the

Clerk of the Court to be served by operation of the Court's electronic filing system upon all

counsel of record:

Lawrence P. Kaplan
Catherine R. Grantham
**KAPLAN ASSOCIATES, LLC**
101 South Hanley, Suite 1310
St. Louis, Missouri 63105
(314) 863-2929 (telephone)
(314) 863-9777 (facsimile)
lkaplan@ka-law.com
cgrantham@ka-law.com

Attorneys for Plaintiff

*/s/ Sheena R. Hamilton*