UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARC T. ERNST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No: 4:17CV2514 HEA |
| | ) |
| WAL-MART STORES, INC., | ) |
| | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, [Doc. No. 11]. Plaintiff opposes the Motion, and Defendant has filed a Reply to the Opposition. For the reasons set forth below, the motion is granted in part and denied in part.

## Introduction

Plaintiff filed this action against Defendant alleging violations of the Family Medical Leave Act, 29 U.S.C. § 2615 (FMLA), and the Americans with Disabilities Act, 42 U.S.C. §§ 12111-12117 (ADA). Plaintiff filed his First Amended Complaint on October 5, 2017. Defendant filed its Amended Motion to Dismiss on January 26, 2018.

## Facts and Background[1]

Plaintiff's Amended Complaint alleges the following facts and background:

Plaintiff was employed by Defendant from September 2009 until January 4, 2017.

Plaintiff has a disability as defined by the ADA. Prior to October 2016, Plaintiff informed Defendant of his disability. In October 2016, Defendant granted FMLA leave to Plaintiff to accommodate Plaintiff's disability.

On December 28, 2016, Plaintiff informed Defendant of an upcoming medical procedure related to his disability. The same day, Plaintiff requested that Defendant grant him FMLA leave in February 2017 for that medical procedure. Plaintiff "qualified for FMLA."

On January 4, 2017, Defendant discharged Plaintiff on the grounds that three months earlier, Plaintiff had worked six minutes over his shift time. During the preceding three months, Defendant never notified Plaintiff about the six minute overage.

Plaintiff filed a charge of discrimination with the EEOC against Defendant and received his notice of right to sue on August 23, 2017.

---

[1] The recitation of facts is taken from Plaintiff's Complaint and is set forth for the purposes of the pending motion to dismiss. The recitation does not relieve any party of the necessary proof of any stated fact in future proceedings.

Defendant moves to dismiss the Amended Complaint for failure to state a claim upon which relief could be granted.

## Discussion

Under Fed.R.Civ.P. 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of Fed.R.Civ.P. 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief." To meet this standard and to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cole v. Homier Distrib. Co.,* 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Iqbal,* 556 U.S. at 678). Courts must assess the plausibility of a given claim with reference to the plaintiff's allegations as a whole, not in terms of the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Group,* 592 F.3d 893, 896 n. 4 (8th Cir. 2010) (internal citation omitted). This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556

U.S. at 679. The Court must grant all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens,* 619 F.3d 867, 872–73 (8th Cir. 2010).

**FMLA Retaliation – Count I**

The FMLA entitles eligible employees to twelve work weeks of leave per year for specified reasons. 29 U.S.C. § 2612(a)(1); *Hasenwinkel v. Mosaic,* 809 F.3d 427, 431-32 (8th Cir. 2015). Two subsections of the statute establish prohibited acts: "Section 2615(a)(1) 'makes it unlawful for an employer to "interfere with, restrain, or deny the exercise of or the attempt to exercise" rights provided under the FMLA,' and section 2615(a)(2) 'makes it unlawful for "any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful" by the FMLA.' " *Brown v. Diversified Distrib. Sys.*, LLC, 801 F.3d 901, 907 (8th Cir. 2015) (quoting *Pulczinski v. Trinity Structural Towers, Inc.*, 691 F.3d 996, 1005 (8th Cir. 2012)). In the Eighth Circuit, courts "'recognize[ ] three types of claims arising under these two subsections'— entitlement, discrimination, and retaliation claims." *Brown,* 801 F.3d at 907.

"An entitlement claim arises under § 2615(a)(1) when 'an employer refuses to authorize leave under the FMLA or takes other action to avoid responsibilities under the Act.' " *Id.* (quoting *Pulczinski*, 691 F.3d at 1005). In an entitlement claim, previously called an interference claim, an employee must show only that he

or she was entitled to the benefit denied. *Johnson v. Wheeling Mach. Prods.*, 779 F.3d 514, 517–18 (8th Cir. 2015).

"Discrimination claims arise under § 2615(a)(1) 'when an employer takes adverse action against an employee because the employee exercises rights to which he is entitled under the FMLA.' " *Brown*, 801 F.3d at 908 (quoting *Pulczinski*, 691 F.3d at 1006); *accord* 29 C.F.R. § 825.220(c) ("The Act's prohibition against interference prohibits an employer from discriminating or retaliating against an employee ... for having exercised ... FMLA rights."). To establish a prima facie case of FMLA discrimination, an employee must show: (1) that he engaged in activity protected under the Act, (2) that he suffered a materially adverse employment action, and (3) that a causal connection existed between the employee's action and the adverse employment action. *Brown*, 801 F.3d at 908.

"A retaliation claim arises under § 2615(a)(2) if an employer takes 'adverse action' against an employee who 'opposes any practice made unlawful under the FMLA—for example, if an employee complains about an employer's refusal to comply with the statutory mandate to permit FMLA leave.'" *Id.* at 909 (quoting *Pulczinski*, 691 F.3d at 1005–06).

Here, Plaintiff labels his Count I as "FMLA – Retaliation." However, he does not plead any facts that he opposed any practice made unlawful under the FMLA or complained about any refusal of FMLA leave. The facts pleaded by

Plaintiff may support another type of FMLA claim, but are insufficient to support an FMLA retaliation claim. Count I will be dismissed with leave to amend.

**ADA Retaliation – Count II**

The ADA makes it unlawful to discriminate against a "qualified individual with a disability" because of the disability. *Bahl v.Cty. of Ramsey,* 695 F.3d 778, 83 (8th Cir. 2012). The ADA contains an anti-retaliation provision that prohibits discrimination "against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). To establish a prima facie case of retaliation under the ADA, a plaintiff must establish "(1) that he or she engaged in statutorily protected activity; (2) an adverse employment action was taken against him or her; (3) a causal connection exists between the two events." *Lors v. Dean*, 746 F.3d 857, 867 (8th Cir. 2014) (quoting *Green v. Franklin Nat'l Bank of Minneapolis*, 459 F.3d 903, 914 (8th Cir. 2006)).

Plaintiff's Count II alleges "ADA Retaliation." As to the first element, requesting a reasonable accommodation for a disability is a "statutorily protected activity." *Kirkeberg v. Canadian Pac. Ry.*, 619 F.3d 898, 907 (8th Cir. 2010). Plaintiff does not expressly plead that his leave request was a request for reasonable accommodation under the ADA. However, the Court reasonably infers

that because Plaintiff "qualified for FMLA" and "informed Wal-Mart that he would require leave for a medical procedure related to his disability," Plaintiff made a request for reasonable accommodation and has sufficiently plead that he engaged in a statutorily protected activity under the ADA. Plaintiff clearly pleads the adverse employment action element: his termination from employment. Finally, the temporal proximity of Plaintiff's leave request and his termination, especially when considered with the relatively extended period of time between the work overage incident and Plaintiff's eventual termination, are sufficient to plead the causal connection element of an ADA retaliation claim. The Motion to Dismiss Count II is denied.

## Conclusion

Based upon the foregoing analysis, the Motion to Dismiss as to Count I is granted. Plaintiff will be given leave to file an Amended Complaint in accordance with this Opinion. The Motion as to Count II is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, [Doc. No. 11,] is **GRANTED** as to Count I and **DENIED** as to Count II.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to file an Amended Complaint within 10 days of the date of this order.

Dated this 3rd day of May, 2018.

                                          _____
                                          HENRY EDWARD AUTREY
                                          UNITED STATES DISTRICT JUDGE